```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                FOR ELECTRONIC PUBLICATION
                                            ONLY
-----------------------------------------------------------x
JOHN DONALDSON,

                        *Plaintiff*,
                                                    MEMORANDUM AND
            -against-                               ORDER
                                                    09-CV-2816 (JG)
NEW YORK CITY DEPARTMENT OF
EDUCATION,

                        *Defendant*.
-----------------------------------------------------------x
A P P E A R A N C E S:

        JOHN DONALDSON
        1674 Woodbine Street, Apt. 1L
        Ridgewood, New York 11385
        Plaintiff, *pro se*

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        100 Church Street
        New York, New York 10007
        By:     Jane E. Anderson
        *Attorney for the Defendant*
```

JOHN GLEESON, United States District Judge:

On June 23, 2009, plaintiff John Donaldson filed this *pro se* action for breach of contract against the New York City Department of Education. On October 7, 2009, I granted the plaintiff's request to proceed *in forma pauperis*. On January 29, 2010, the defendant filed a motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Donaldson opposed the defendant's motion in writing, and I heard oral argument on the motion on March 12, 2010. For the reasons set forth below, the defendant's motion to dismiss is granted.

BACKGROUND

The following facts are drawn from Donaldson's *pro se* complaint and documents attached to and incorporated by reference in that complaint, and are assumed to be true for the purposes of this motion.

Donaldson was a tenured teacher with the New York City Department of Education ("DOE") for twenty years from 1984 to 2004. On February 23, 2004, the parties signed a settlement agreement resolving disciplinary charges that had been brought against Donaldson. In the agreement, the DOE agreed to withdraw all charges against Donaldson and, in exchange, Donaldson agreed to resign from his position as of November 30, 2004 and refrain from seeking employment with the DOE in the future.

On June 28, 2004, Donaldson received his annual professional and performance review, which rated his performance as unsatisfactory. Donaldson alleges that this performance review was a breach of the parties' settlement agreement, because it "resurrected" the charges against him. Compl. at 2.

In July 2004, Donaldson filed an Article 78 petition in the New York Supreme Court, New York County, seeking to vacate the settlement agreement and his letter of resignation. On October 19, 2007, Judge Eileen A. Rakower dismissed the petition in its entirety, holding that Donaldson's petition was barred by the four-month statute of limitations. Judge Rakower held that, because the June 2004 review played "no role in the agreed upon terms of the stipulation," the statute of limitations was unaffected by the DOE's submission of the performance evaluation. Ex. 2 to Anderson Aff at 3. Judge Rakower held that the statute of limitations began to run on February 23, 2004, when the settlement agreement became final and binding and, accordingly, it expired in June 2004, one month before Donaldson filed his

complaint. In addition, Judge Rakower dismissed Donaldson's claims of duress and coercion, because the agreement states that he entered into the agreement "freely, knowingly and openly, without coercion or duress" and because his attorney signed the agreement as well.

DISCUSSION

A.   *Motion to Dismiss -- Standard of Review*

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When evaluating a motion to dismiss pursuant to Rule 12(b)(1), I must accept the factual allegations in the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam), and draw all reasonable inferences in favor of the plaintiff. *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995); *see also Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). The plaintiff has the burden of showing, by a preponderance of the evidence, that subject matter jurisdiction exists. *Makarova,* 201 F.3d at 113. "The preliminary showing that must be made by the plaintiff, however, is not meant to be overly burdensome, allowing for subject matter jurisdiction so long as the federal claim is colorable." *Tabor v. Bodisen Biotech, Inc.*, 581 F. Supp. 2d 552, 557 (S.D.N.Y. 2008)(internal quotation marks omitted).

Because Donaldson is *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

When considering a motion to dismiss, a court may examine (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit. *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). I may also "refer to evidence outside the pleadings" when determining factual matters relevant to a motion pursuant to Rule 12(b)(1). *Makarova*, 201 F.3d at 113.

B.  *The Walsh-Healey Act*

Donaldson brings his breach of contract claim pursuant to the Walsh-Healey Act, codified at 41 U.S.C. §§ 34-36. The Walsh-Healey Act mandates that contractors with the United States adhere to certain minimum wage, hour and age requirements. 41 U.S.C. § 35. The Act states that a contractor's breach of these requirements "shall render the party responsible therefor liable to the United States of America for liquidated damages, in addition to damages for any other breach of such contract." 41 U.S.C. § 36. The statute "relates only to government business; and … the United States *alone* has causes of action under it." *United States v. Lovknit Mfg. Co.,* 189 F.2d 454, 456-57 (5th Cir. 1951)(emphasis added)("It is clear to us that no one may sue for a breach of these contracts in any respect except the United States through the Attorney General. The contracts are public contracts to which only the United States and the contractors are parties.").

The Walsh-Healey Act is inapplicable to the instant case. Donaldson is not a federal contractor. Furthermore, the Act permits a cause of action to be brought only by the United States, which is not a party to this action; there is no such right of action for private

4

litigants. Accordingly, the Walsh-Healey Act is not an appropriate basis for the exercise of subject matter jurisdiction in this case.

C. *Alternative Bases for Jurisdiction*

In his opposition to the defendant's motion to dismiss, Donaldson offers five alternative bases for jurisdiction. First, Donaldson alleges that two rules of the Federal Rules of Evidence -- Rules 302 and 401 -- support the exercise of subject matter jurisdiction in this case. Rule 302 governs the applicability of state law presumptions in civil actions.[1] Rule 401 defines what evidence is relevant.[2] Neither Rule defines or refers to the subject matter jurisdiction of district courts and, accordingly, neither provides a ground upon which I can assert jurisdiction over Donaldson's complaint.

Second, Donaldson argues 18 U.S.C. § 371 provides me with subject matter jurisdiction over his complaint. 18 U.S.C. § 371 is a statute criminalizing the act of conspiring to commit a criminal offense against the United States or to defraud the United States. The statute sets forth the elements of the crime and the ensuing penalties. The statute does not provide for a civil right of action for a private litigant. Accordingly, the statute is wholly inapplicable to this case and does not provide a basis for subject matter jurisdiction over Donaldson's civil breach of contract claim.

In addition, Donaldson alleges that the "Federal Question on the Exhaustibility of all Administrative Proceedings is essential in this case." Pl. Opp. at 2. Whether a plaintiff has sufficiently exhausted his administrative remedies is a question that, in certain situations, must

---

[1] Rule 302 states that "[i]n civil actions and proceedings, the effect of a presumption respecting a fact which is an element of a claim or defense as to which State law supplies the rule of decision is determined in accordance with State law." Fed. R. Evid. 302.

[2] Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

be answered before a case is ripe for district court review. *See, e.g., Paese v. Hartford Life and Acc. Ins. Co.,* 449 F.3d 435, 443 (2d Cir. 2006)(recognizing the "firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases."). However, the question before me is not whether Donaldson has exhausted his administrative remedies, but whether the facts he alleges gives rise to any basis for the exercise of federal court jurisdiction in this case. The exhaustion doctrine does not provide any such jurisdictional basis.

Donaldson also invokes the Seventh Amendment to the United States Constitution as a basis for this Court's exercise of subject matter jurisdiction. The Seventh Amendment preserves the right to a trial by jury for "[s]uits at common law." U.S. CONST. amend. VII. However, Donaldson has not sufficiently established that a right triggering the protections of the Seventh Amendment is implicated in this case. "When, as here, federal law provides no basis for the exercise of federal jurisdiction, there is no cognizable cause of action to which the Seventh Amendment guarantee can apply." *County of Suffolk v. Long Isl. Lighting Co.,* 710 F. Supp. 1387, 1405 (E.D.N.Y. 1989). Accordingly, the Seventh Amendment also does not provide a basis for jurisdiction in this case.

CONCLUSION

For the reasons stated above and because I find there to be no basis upon which I may properly exercise jurisdiction, Donaldson's complaint is dismissed. Fed. R. Civ. P. 12(b)(1). The Clerk of Court is respectfully directed to enter judgment for the defendant and close the case.

So Ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
March 12, 2010